UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. BURT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA BARBARA, et al.,<br><br>    Defendants. | Case No.: CV 16-07340-AG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Complaint, Defendants' Motion for Summary Judgment (Dkt. No. 19, "the Motion") and supporting filings and evidence, Plaintiff's Opposition to the Motion and supporting filings and evidence, Defendants' Reply in support of the Motion, the Report and Recommendation of the assigned United States Magistrate Judge, and the Objections thereto filed by Plaintiff ("Objections" or "Obj.").

The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. In particular, the Court notes that Plaintiff asserts in his Objections that the Report and Recommendation "failed to address the holdings" of Waggy v.

Spokane Cnty. Washington, 594 F.3d 707, 713 (9th Cir. 2010) and Canton v. Harris, 489 U.S. 378, 388-89 (1977) relating to negligent hiring which Plaintiff claims supports municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1977) in this case. Obj. at 1-2, 4-5. However, the Report and Recommendation repeatedly notes that Plaintiff's municipal liability claims fail because Officer Larson did not commit an underlying constitutional violation when he arrested Plaintiff. Specifically, the Report and Recommendation noted:

> [A]bsent an underlying constitutional violation, there can be no Monell liability against a governmental entity. See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996) ("[A] public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff.")

Report and Recommendation (Dkt. No. 28) at 8. Thus, the Report and Recommendation concluded:

> [B]ecause the Court finds that Plaintiff's arrest was supported by probable cause, Plaintiff did not suffer an underlying constitutional violation in connection with his arrest, so he cannot prevail on a Monell claim based upon a policy or custom of unlawful arrests. See Quintanilla, 84 F.3d at 855.

Id. at 14. See also Canton, 489 U.S. at 389 ("a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation").

In addition to the lack of an underlying constitutional violation, the Report and Recommendation also found that Plaintiff's allegations did not rise

to the level of a Monell violation because his allegations were just that – allegations; Plaintiff submitted no evidence in support of his Monell claim, under any theory. See Report and Recommendation at 15-16. The authority cited by Plaintiff confirms that "merely alleging that the existing training program for a class of employees, such as police officers" will not satisfy a plaintiff's obligation to show a policy to support Monell liability. Canton, 489 U.S. at 389; see also Waggy, 594 F.3d at 713-14 ("affirming grant of summary judgment for a municipality in a civil rights action where the plaintiff alleged failure to train but "failed to allege any facts supporting this claim").

As a result, the Court finds that the Report and Recommendation properly found that Plaintiff's Monell claims (and his purported claim against Defendant former Chief of Police Sanchez) based upon failure to train were legally and factually unsupported. Plaintiff's remaining arguments in his Objections have been fully addressed in the Report and Recommendation and, as set forth above, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

Therefore, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is approved and accepted;
2. The Defendants' Motion for Summary Judgment is GRANTED;
3. Judgment shall be entered accordingly.

Dated: November 30, 2017

ANDREW J. GUILFORD
United States District Judge